FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF 2009 AUG CENTRAL DIVISION

RECEIVED

AUG 0 5 2009

OFFICE OF U.S. DISTRICT JU...
BRUCE S. JENKINS

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

JIM GAILEY,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Case No. 1:09-CV-00001-BSJ

Honorable Bruce Jenkins

Plaintiff, Jim Gailey, appeals the Commissioner of Social Security's decision denying his

claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under

Titles II and XVI of the Social Security Act (the Act), 42 U.S.C.§§ 401-433, 1381-1383f.  Having

considered the parties' briefs, the administrative record, the arguments of counsel, and the

relevant law, the Court hereby AFFIRMS the Commissioner's decision.

## LEGAL STANDARDS

The Court reviews the Commissioner's decision to determine whether substantial evidence

in the record as a whole supports the factual findings and whether the correct legal standards were

applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

(citation omitted).  The Court "will not reweigh the evidence or substitute [its] judgment for the

Commissioner's." *Id.*  "[The Court] may not displace the [A]gency's choice between two fairly

conflicting views, even though the [C]ourt would justifiably have made a different choice had the

matter been before it de novo." *Id.*

## BACKGROUND

Plaintiff applied for DIB and SSI in 2006, alleging disability since December 31, 2005 (Tr. 143-50).  After his claims were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on August 12, 2008 (Tr. 18-95).  On August 26, 2008, the ALJ granted, in part, and denied, in part, Plaintiff's claims, finding he became disabled on June 27, 2007, and that he could perform his past work as a commercial drafter before that date (Tr. 10-17).  When the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's "final decision" for purposes of judicial review (Tr. 1-3).  *See* 20 C.F.R. § 404.1481.

## DISCUSSION

To be entitled to DIB or SSI, an individual's impairment(s) must so severe as to prevent him from engaging in any substantial gainful activity for at least one year.  *See* 42 U.S.C. § 423(d)(1)(A); *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002).  In evaluating disability, the Commissioner considers, in sequence: (1) whether the claimant is currently working; (2) whether the claimant has a "severe"[1] impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and if so, (5) whether the impairment prevents the claimant from doing any kind of work.  *See Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

In this case, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since December 31, 2005 (Tr. 12).  At step two, he found that Plaintiff's "severe"

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a) (2004).

-2-

impairments consisted of cerebrovascular accident, osteoarthritis of the left hip, COPD after lung

resection, and blindness in the right eye (Tr. 12-13). At step three, he found Plaintiff's

impairments, individually or in combination, failed to meet or equal the criteria of a listed

impairment (Tr. 16). The ALJ then found that prior to June 27, 2007, Plaintiff had the residual

functional capacity

> to perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a) except standing and/or walking up to 2 hours per 8-hour
> day; sitting up to 6 hours total in an 8-hour day, but he must have
> the option to sit or stand at will though he is able to sit 15 minutes
> at a time and stand 10-15 minutes at a time; lifting 10 pounds
> frequently and less than 10 pounds occasionally; occasional
> climbing, balancing, stooping, kneeling, crouching, and crawling;
> due to the prosthetic right eye with decreased field of vision he
> cannot perform work that requires detailed depth perception at close
> range; because of his monocular vision he must avoid concentrated
> exposure to hazards; and he must avoid even moderate exposure to
> respiratory irritants; in addition to the above, beginning June 27,
> 2007 and thereafter the claimant is limited to only occasional use of
> the left, non-dominant hand for handling and fingering and only
> brief overhead reaching  (Tr. 13).

At step four, the ALJ found Plaintiff could perform his past relevant work as a commercial

drafter before June 27, 2007, but that additional limitations imposed as of that date precluded him

from performing all past relevant work (Tr. 15). At step five, the ALJ found that Plaintiff could

not perform a significant number of jobs in the national economy beginning on June 27, 2007

(Tr. 16).  Therefore, the ALJ decided that Plaintiff had been disabled since June 27, 2007, but not

before (Tr. 16).

Plaintiff argues that the ALJ should have found him disabled since December 31, 2005, when he alleges his disability commenced. He contends that the ALJ erred in finding he could perform his past work as a drafter prior to June 27, 2007, by: (1) failing to include the limitations caused by his headaches in the hypothetical question to the vocational expert, and (2) failing to find that his lack of depth perception precluded performance of the job. Plaintiff also argues that the ALJ erred by failing to find him disabled under the Medical-Vocational Guidelines[2] as of December 31, 2005.

The Court is not persuaded by Plaintiff's arguments. When he applied for benefits, Plaintiff admitted that the reason he stopped working was unrelated to his medical condition, and he did not list headaches as one of the conditions that affected his ability to work (Tr. 174). The record contains no evidence that Plaintiff sought treatment for headaches or that he took prescription or even over-the-counter medication for headaches at any time relevant to his claims. In addition, the record contains no evidence that a physician diagnosed him with tension or migraine headaches. The ALJ was not required to find headaches imposed limitations on Plaintiff's ability to work given the lack of evidence to support such a finding. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992) (finding claimant's testimony alone did not establish that claimant suffered from fatigue where no medical evidence supported it); *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990) (stating that medical records must be consistent with nonmedical testimony as to the severity of a claimant's symptoms).

---

[2]20 C.F.R. Pt. 404, Subpt. P, App. 2.

Plaintiff's claim that he was unable to work as a drafter prior to June 27, 2007, due to his lack of depth perception also lacks merit. Plaintiff has had no depth perception since he lost his right eye at the age of 17 (Tr. 254). He worked as a drafter – without depth perception – from 1996 until December 31, 2005, when he was laid off (Tr. 29-34). Absent evidence that his vision had deteriorated further by 2005, the record did not support a finding that Plaintiff became unable to work as a drafter due to visual deficits as of the date he was laid off. A claimant who works for years with his impairments without a worsening of his condition cannot claim them as disabling. *See Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990).

In support of this argument, Plaintiff also cites the vocational expert's testimony that, based on the *Dictionary of Occupational Titles' (DOT's)* description of the job of commercial drafter, a person with no depth perception could not perform that job. The vocational expert explained, however, that the *DOT* does not distinguish between computer-assisted drafting and tabletop drafting; that tabletop drafting requires more depth perception than computer-assisted drafting; and that most drafting work is currently done with computers (Tr. 74-75). The Court finds that the ALJ properly relied on the vocational expert's testimony. "Evidence from [a vocational expert] can include information not listed in the *DOT*." SSR 00-4p. An ALJ may rely on vocational expert testimony in determining whether a claimant can perform past relevant work. *See* 20 C.F.R. § 404.1560(b)(2).

-5-

Plaintiff's argument that the ALJ erred by failing to find him disabled under the Medical-Vocational Guidelines[3] as of December 31, 2005, is also unpersuasive. The Commissioner utilizes the Medical-Vocational Guidelines in determining whether jobs exist in the national economy that a claimant can perform where the claimant's "impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a). Herein, the ALJ found Plaintiff could perform his past relevant work until June 27, 2007 (Tr. 13). Therefore, with respect to the period from December 31, 2005, through June 26, 2007, the ALJ's review of Plaintiff's claim ended with the finding that he could return to his past relevant work. Plaintiff's argument that the ALJ should have proceeded to step five and applied the Guidelines is contrary to Tenth Circuit case law and the Commissioner's regulations *See* *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988) ("[i]f at any point in the process the [Commissioner] finds that a person is disabled or not disabled, the review ends"); 20 C.F.R. § 404.1520(f) ("[i]f you can still do [your past relevant work], we will find that you are not disabled").

_____

[3]20 C.F.R. Pt. 404, Subpt. P, App. 2.

## CONCLUSION

The Court finds that the Commissioner's decision is supported by substantial evidence and free of legal error. Therefore, the Court AFFIRMS the Commissioner's decision.

DATED this 5 day of August, 2009.

BY THE COURT:

Bruce S. Jenkins
United States District Judge

-7-